UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Herbert E. Ralph

    v.                           Civil No. 04-241-JD
                                   Opinion No. 2004 DNH 136
United States Department of
Labor, Office of Workers' Compensation


O R D E R


Herbert E. Ralph, proceeding pro se, brings suit challenging the decision of the United States Department of Labor, Office of Workers' Compensation Programs ("OWCP") to discontinue his workers' compensation benefits. The OWCP moves to dismiss Ralph's suit for lack of subject matter jurisdiction. Ralph objects to the motion to dismiss and asks for emergency injunctive relief.


Background

Ralph was employed by the United States Postal Service as a letter carrier in Concord, New Hampshire, from 1986 until May of 1993, when he stopped working due to physical disabilities. Ralph applied for workers' compensation benefits under the Federal Employees' Compensation Act ("FECA"). His applications were initially denied but were later accepted. An administrative error caused a lapse in payment of benefits to Ralph in 1997 and

1998, which was later corrected.

In May of 2000, the OWCP notified Ralph that he was being referred to Dr. Gerald DeBonis, an orthopedic surgeon, for a second opinion on his lower back condition. Dr. DeBonis noted that Ralph's ongoing medical treatment was with Dr. Nagel, who provided pain management, and that his medical records indicated no objective findings to support his complaints of lower back pain. He concluded that there was no physical basis for continued disability and recommended a psychological evaluation.

The OWCP scheduled Ralph for an appointment with a board certified psychiatrist in August of 2000. In the letter notifying him of the appointment, the OWCP also explained that failure to keep the appointment, except for adequate reasons, would result in a suspension of his benefits. Ralph did not go to the appointment and instead sent a letter explaining that he disagreed with Dr. DeBonis's conclusion and recommendation. Dr. Nagel also sent a letter to the OWCP on Ralph's behalf.

The OWCP suspended Ralph's benefits on Septmeber 19, 2000. Ralph requested a hearing on the suspension, which was scheduled for November 1, 2000. Ralph failed to appear for the hearing. He then appealed the OWCP decision that he had abandoned his hearing, arguing that he did not receive notice. The Appeals Board affirmed the OWCP's decision.

2

## Discussion

Ralph alleges that the OWCP violated the applicable statutory requirements by requiring him to undergo a psychological evaluation on the recommendation of Dr. DeBonis, rather than appointing a third physician to do an evaluation of his claimed physical disability.[1]  He also contends that the OWCP's actions violated due process.  For relief, he seeks "compensation," benefits, punitive damages, an "amicable settlement," an investigation by the Department of Justice, discharge of all those involved in his benefit decisions, removal of Dr. DeBonis's report from his records, and reinstatement to his former position at the United States Postal Service in Concord, New Hampshire.[2]  The OWCP moves to dismiss Ralph's claim for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

FECA, 5 U.S.C. § 8101, et seq., provides that a decision to

---

[1]Ralph also alleges that his former employer, the United States Postal Service in Concord, New Hampshire, violated due process by failing to provide him with the proper forms when he was applying for benefits and by failing to provide the OWCP with necessary information.  Those problems were apparently corrected. Since the Postal Service is not a party, any claims based on the alleged errors are not considered here.

[2]Ralph's request for reinstatement in his former job suggests that he believes he is able to perform that work and is not disabled.

3

deny workers' compensation benefits is "final and conclusive for all purposes and with respect to all questions of law and fact; and [] not subject to review by another official of the United States or by a court by mandamus or otherwise." § 8128(b). That provision precludes subject matter jurisdiction to review decisions denying FECA benefits. See, e.g., Bruni v. United States, 964 F.2d 76, 79 (1st Cir. 1992); Stone v. Chao, 284 F. Supp. 2d 241, 245-46 (D. Mass. 2003). An exception to the rule exists for claims that raise constitutional issues that are not "wholly insubstantial." Paluca v. Sec'y of Labor, 813 F.2d 524, 526-27 (1st Cir. 1987).

Ralph claims that the OWCP failed to follow the statutory mandate under FECA that "[i]f there is disagreement between the physician making the examination for the United States and the physician of the employee, the Secretary shall appoint a third physician who shall make an examination." § 8123(a). He contends that when Dr. DeBonis concluded he had no physical disability and recommended a psychological evaluation, which disagreed with Dr. Nagel's opinion, the OWCP should have appointed a third physician to evaluate him as provided by § 8123(a). He argues that the OWCP violated the statute by following Dr. DeBonis's recommendation that he undergo a psychological evaluation without providing a physical examination

4

by a third physician.

Section 8128(b) precludes judicial review, on statutory grounds, of decisions denying FECA benefits. <u>Paluca</u>, 813 F.2d at 528; <u>see also</u> <u>McDougal-Saddler v. Herman</u>, 184 F.3d 207, 214 (3d Cir. 1999). Although Ralph alleges that the OWCP violated his due process rights by failing to follow the § 8123(a) mandate to provide a third physician when a disagreement exists between the employee's physician and the OWCP physician, he has not stated a due process violation.[3] <u>Cf.</u> <u>McDougall-Saddler v. Herman</u>, 1997 WL 835414, *3-*4 (E.D. Pa. Dec. 24, 1997) (considering due process challenge to application of § 1823(a) as interpreted by FECA Procedure Manual). Ralph makes no allegations about the review process, nor does he mention the scheduled hearing that he did not attend. <u>Cf.</u> <u>Lepre v. Dep't of Labor</u>, 275 F.3d 59, 67-68 (D.C. Cir. 2001) (holding that § 8128(b) did not bar review of due process claim challenging "mailbox rule"). Because Ralph's claim seeks review of the OWCP's decision on statutory rather

---

[3]Due process requires notice and an opportunity for a hearing before a person is deprived of a significant property interest. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542 (1985). Absent extraordinary circumstances not present here, substantive due process is not violated by a denial of FECA benefits because "the government does not violate the Constitution every time it mistakenly denies a claim for benefits." <u>Czerkies v. U.S. Dep't of Labor</u>, 73 F.3d 1435, 1443 (7th Cir. 1996).

than constitutional grounds, the court lacks jurisdiction to hear his suit.  § 8128(b).  See, e.g., Czerkies, 73 F.3d at 1443.


## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is granted.  The court dismisses the suit for lack of subject matter jurisdiction.  The plaintiff's motion for emergency relief (document no. 5) is terminated due to a lack of subject matter jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

September 15 , 2004

cc:  Hebert E. Ralph, pro se
     Gretchen Leah Witt, Esquire

6